UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAUREEN ROBERTSON,

    Plaintiff,

v.                             CASE NO. 8:11-cv-2560-T-33MAP

PATRICK R. DONAHOE,
Postmaster General,
United States Postal Service,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the Defendant's Motion to Dismiss for Improper Venue (Doc. # 7), filed on June 1, 2012. Plaintiff filed a response in opposition (Doc. # 10) on July 13, 2012. For the reasons that follow, the Court grants the Defendant's alternative request to transfer this case to an appropriate district pursuant to 28 U.S.C. § 1406(a).

**Discussion**

Pro se Plaintiff Maureen Robertson initiated this action on November 14, 2011, against Patrick R. Donahoe, in his official capacity as Postmaster General of the U.S. Postal Service. (Doc. # 1). Plaintiff, an employee of the U.S. Postal Service, alleges discrimination by her previous

U.S. Postal Service managers on the basis of her race, sex and alleged physical and mental disabilities, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791. (Id.). The Defendant responded to the Complaint by filing a Motion to Dismiss for Improper Venue.

The Plaintiff has the burden of showing that venue in the forum is proper. Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (citations omitted). The venue provision of Title VII provides that a claim under that statute:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principle office.

42 U.S.C. § 2000e-5(f)(3).

Thus, pursuant to § 2000e-5(f)(3), venue is generally limited to three locations; only when the Defendant cannot be found in one of those three locations may an action be brought in the judicial district where the Defendant has

its principal office. 42 U.S.C. § 2000e-5(f)(3); <u>Stebbins v. State Farm Mut. Auto. Ins. Co.</u>, 413 F.2d 1100, 1102 (D.C. Cir. 1969). This statute preempts all other federal venue provisions that otherwise might apply and applies to suits brought against federal agencies. <u>See</u> <u>Pinson</u>, 192 F. App'x at 817 (citing <u>Stebbins</u>, 413 F.2d at 1102-03; <u>Foxx v. Dalton</u>, 46 F. Supp. 2d 1268, 1275-76 (M.D. Fla. 1999)).

None of the possible locations of appropriate venue for this action implicates the Middle District of Florida. In her Complaint, Plaintiff has stated that the events giving rise to the Complaint occurred in Bellmawr, New Jersey. (Doc. # 1). There is no mention of any incident giving rise to her Complaint that occurred within the Middle District of Florida. <u>Id.</u> Further, Plaintiff has made no allegation that her official personnel file or other relevant employment records from the time period at issue are maintained within the Middle District of Florida. <u>Id.</u> Moreover, the Middle District of Florida is not where the Plaintiff would have worked but for the alleged discrimination. <u>Id.</u>

Rather, Plaintiff contends that venue is proper in this Court because she now lives and works in this

District. Id. at 5.  However, this basis does not satisfy any of the statutory requirements for venue under § 2000e-5(f)(3). "It was the clear intent of Congress to allow lawsuits such as these to only be brought in districts that are concerned with the alleged discrimination." Foxx, 46 F. Supp. 2d at 1275.  Plaintiff has failed to demonstrate that the Middle District of Florida is such a district for this case. Accordingly, the Court finds that under § 2000e-5(f)(3), venue for this action does not properly lie in the Middle District of Florida.

However, the Defendant has requested that this Court either dismiss this case for improper venue or in the alternative, "transfer [this] case to any district . . . in which it could have been brought." (Doc. # 7 at 4) (quoting 28 U.S.C. § 1406(a)).[1]  As the underlying actions that gave rise to Plaintiff's Complaint occurred in New Jersey, this Court finds it appropriate to transfer this case to the United States District Court for the District of New Jersey.

---

[1]   28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss for Improper Venue (Doc. # 7) is **GRANTED** in part as to Defendant's alternative request to transfer this case to a district where venue is proper.

(2) The Clerk is directed to transfer this case to the United States District Court for the District of New Jersey. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of July, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record